IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 23-cv-02164-PAB-SKC

JACKSON VOLLMER,

    Plaintiff,

v.

UNIVERSITY OF NORTHERN COLORADO,

    Defendant.

---

**ORDER**

---

    This matter is before the Court on plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction. Docket No. 2. As reflected in the title of the motion and as noted on the first page, plaintiff seeks either a temporary restraining order ("TRO") or a preliminary injunction. *Id.* at 1. The alternate nature of the motion suggests a lack of exigency. That conclusion is confirmed, ironically, by plaintiff's Motion for Expedited Hearing on plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction [Docket No. 16]. For the reasons indicated below, the Court will deny the portion of the motion seeking a TRO.

    That portion of plaintiff's motion that seeks a TRO fails to comply with several provisions of the Federal Rules of Civil Procedure and the District of Colorado's Local Rules. First, the Local Rules require a party seeking a TRO to provide notice, or attempt to provide notice, of its motion to the opposing party. Local Rule 65.1 states, in part,

> A [TRO] shall be requested by motion filed separately from the complaint. The motion shall be accompanied by a certificate of counsel or an unrepresented party, stating: (1) that actual notice of the time of filing the motion, and copies of all pleadings and documents filed in the action to date or to be presented to the court at the hearing, have been provided to opposing counsel and any unrepresented adverse party; or (2) the efforts made by the moving party to provide the required notice and documents.

D.C.COLO.LCivR 65.1(a).  Second, the Local Rules require that a TRO motion be submitted with a proposed order.  D.C.COLO.LCivR 65.1(b).  Third, Local Rule 7.1 requires a party to confer before filing motions, including TRO motions.  *See Vivos Therapeutics, Inc. v. Singh*, No. 23-cv-00194-CNS-SKC, 2023 WL 399794, at *3 (D. Colo. Jan. 25, 2023) (citing D.C.COLO.LCivR 7.1(a); *Nero v. Am. Fam. Mut. Ins. Co.*, No. 11-cv-02717-PAB, 2012 WL 683494, at *1 (D. Colo. Mar. 2, 2012)).  Finally, Federal Rule of Civil Procedure 65(b) applies to situations where a plaintiff seeks the issuance of an ex parte TRO.  A court may only issue an ex parte TRO if "an affidavit or a verified complaint clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" or "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required" before the Court issues a temporary restraining order without notice.  Fed. R. Civ. P. 65(b)(1)(A)-(B).

Plaintiff did not file a certificate of compliance or proposed order as required by D.C.COLOLCivR 65.1, a description of his efforts to confer as required by D.C.COLO.LCivR 7.1(a), or an affidavit, verified complaint, or a certification of plaintiff's attempts to provide notice as required by Fed. R. Civ. P. 65(b).  Therefore, based on plaintiff's failure to comply with the Local Rules and the Federal Rules of Civil Procedure, the Court will deny the portion of plaintiff's motion seeking a temporary restraining order.  *See May v. U.S. Bank, N.A.*, No. 13-cv-01621-PAB, 2013 WL

3200473, at *2 (D. Colo. June 24, 2013) (denying a TRO on the basis of procedural defects under the Federal Rules of Civil Procedure and the Local Rules); *Godinez v. Puebla*, No. 22-cv-02606-NYW-SBP, 2023 WL 5567373, at *2 (D. Colo. June 28, 2023) (same); *Nero*, 2012 WL 683494, at *1 (same); *Vivos Therapeutics, Inc.*, 2023 WL 399794, at *3 (denying a TRO for failure to comply with the Local Rules).

Even if plaintiff were to cure the procedural defects in his request for a TRO, the Court will deny his alternate request for a TRO given that plaintiff fails to show exigency. Plaintiff has not shown that he is "suffering imminent, irreparable harm resulting from defendants' actions if a TRO is not issued before the Court can hold a preliminary injunction hearing." *Montana Wyoming State Area Conf. of NAACP v. United States Election Integrity Plan*, No. 22-cv-00581-PAB, 2022 WL 1061906, at *3 (D. Colo. Apr. 8, 2022) (citing *Tijuanas Produce, Inc. v. Shorty's Produce, Inc.*, No. 18-cv-00587-PAB, 2018 WL 1952600, at *1 (D. Colo. Mar. 29, 2018)); *see also NCO Fin. Sys., Inc. v. Vogle*, 2007 WL 9782797, at *1 (N.D. Okla. Apr. 18, 2007) ("the Court finds no exigent circumstances that would require entry of the TRO requested by [plaintiff] prior to holding a preliminary injunction hearing pursuant to Federal Rule of Civil Procedure 65(a)"). Plaintiff does not explain why there is an exigent need for him to be reinstated to UNC as opposed to being reinstated when the Court can hold an evidentiary hearing on his motion for preliminary injunction. The motion for an expedited hearing, Docket No. 16, states that an expedited hearing is "warranted to ensure that the propriety of Plaintiff's suspension is resolved as expeditiously as possible" since otherwise "Plaintiff will be required to await the result of a hearing in the regular course." *Id.* at 2 ¶¶ 10, 12. This logic, however, would justify every plaintiff asking for a TRO since getting the

plaintiff's requested relief earlier rather than later is advantageous.  That reason does not demonstrate exigency.  Plaintiff also states that, without an expedited hearing, "Plaintiff will be denied both the opportunity to attend Defendant's university this year, as well as the opportunity to seek out alternative opportunities."  *Id.*, ¶ 14.  While it is true that plaintiff's suspension denies him the opportunity to attend UNC, which may constitute irreparable harm, plaintiff fails to show an exigent need to remedy that situation through an expedited hearing.  First, his motion for an expedited hearing does not identify any specific harm that he will experience in not having an expedited hearing.  Second, plaintiff does not explain why an expedited hearing would enable him to attend another college while waiting for a decision on the merits at the end of the case.

Third, plaintiff's delay in filing the lawsuit undercuts any claim that there is a need for an expedited hearing.  Plaintiff alleges he was suspended on July 17, 2023.  Docket No. 2 at 4.  In his motion for an expedited hearing, plaintiff states that defendant began school on August 21, 2023.  Docket No. 16 at 2, ¶ 8.  Plaintiff filed this lawsuit and his TRO motion on August 24, 2023.  Docket Nos. 1 and 2.  Thus, plaintiff's TRO motion was filed over a month after he was suspended and was filed after the 2023-2024 school year began.  *See Montana Wyoming State Area Conf. of NAACP*, 2022 WL 1061906, at *5 ("Waiting three months to file this lawsuit and seek a TRO, however, is not consistent with plaintiffs' allegations that they are facing imminent harm."); *GTE Corp. v. Williams*, 731 F.2d 676, 679 (10th Cir. 1984) ("delay is an important consideration in the assessment of irreparable harm for purposes of a preliminary injunction."); *A.K. by & through Moyer v. Cherry Creek Sch. Dist. No. 5*, No. 20-cv-00392-PAB-NRN, 2020 WL 2197920, at *3 n.1 (D. Colo. May 6, 2020) ("[T]he Court

4

finds that the delay in seeking injunctive relief cuts against plaintiff's assertions of imminent irreparable harm."); *Am. Ass'n of People With Disabilities v. Herrera*, 580 F. Supp. 2d 1195, 1246 (D.N.M. 2008) (finding that plaintiffs' two-week delay from filing lawsuit to seeking preliminary injunction "considerably undercut[ ] their allegation of irreparable harm"); *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) ("[T]he party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." (brackets and emphasis in original) (citation omitted)); *Found. Learning LLC v. Acad., Arts & Action Charter Acad.*, No. 17-cv-03182-RM-KLM, 2018 WL 3382933, at *3 (D. Colo. May 18, 2018) (waiting three months to file motion for emergency injunctive relief without explanation "strongly undermines plaintiff's suggestion that the moment of maximum harm is now at hand").

Plaintiff argues that defendant's decision to suspend him from the university for the 2023-2024 academic year "prevents Plaintiff from pursuing a college experience" because defendant's suspension decision "occurred too late for Plaintiff to be admitted to another of the few inclusive college education programs in Colorado" and because the "suspension decision will apply to Plaintiff's transcript, significantly jeopardizing his admissions standing with any other facility." Docket No. 2 at 8. Plaintiff does not explain how an injunction issued now could remedy his ability to attend another school this year. If the suspension decision occurred too late for him to be admitted to other programs in Colorado, it is unlikely that an expedited hearing would change those circumstances.

5

In conclusion, plaintiff fails to show why a delay until a preliminary injunction can be considered would cause him irreparable injury. Because the Court finds that plaintiff has shown no exigency justifying his TRO motion, the Court will deny that portion of Docket No. 2 seeking a TRO and, instead, will establish a briefing schedule on plaintiff's motion for a preliminary injunction after defendant enters its appearance.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the portion of plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction [Docket No. 2] that requests issuance of a temporary restraining order is **DENIED**. It is further

**ORDERED** that plaintiff's Motion for Expedited Hearing on Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction [Docket No. 16] is **DENIED**.

DATED September 1, 2023.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge